

**United States Department of Justice**

*United States Attorney*
*Southern District of West Virginia*

*Robert C. Byrd United States Courthouse*
*300 Virginia Street, East*
*Suite 4000*
*Charleston, WV 25301*

*1-800-659-8726*
*304-345-2200*
*FAX: 304-345-2200*



FILED

SEP - 8 2022

RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

September 6, 2022

Harry A. Smith, III
Jory & Smith
P. O. Box 1909
Elkins, WV 26241

> Re: United States v. Brian Gullett, D.O.
> Criminal No. 5:18-cr-00026

Dear Mr. Smith:

This will confirm our conversations with regard to your client, Brian Gullett, D.O. (hereinafter "Dr. Gullett"). As a result of these conversations, it is agreed by and between the United States and Dr. Gullett as follows:

1. **PENDING CHARGES.** Dr. Gullett is charged in seven counts of a fourth superseding indictment with a violation of 21 U.S.C. § 846 (conspiracy to distribute and dispense oxycodone); violations of 21 U.S.C. § 841(a)(1)(distribution of oxycodone) and a violation of 18 U.S.C. § 1956(h) (money laundering conspiracy).

2. **CHARGING AGREEMENT.** Dr. Gullett agrees to waive his right pursuant to Rule 7 of the Federal Rules of Criminal Procedure to be charged by indictment and will consent to the filing of a single-count information to be filed in the United States District Court for the Southern District of West Virginia, a copy of which is attached hereto as "Plea Agreement Exhibit A."

3. **RESOLUTION OF CHARGES.** Dr. Gullett will plead guilty to a violation of 21 U.S.C. § 843(a)(3) and 18 U.S.C. § 2 (aiding and abetting obtaining a controlled substance by fraud) as charged in said information. Following final disposition, the United States will move the Court to dismiss Counts 1, 13, 16, 20, 24, 25

*BG*
_____
Defendant's
Initials

and 33 of the fourth superseding indictment in Criminal No. 5:18-cr-00026 as to Dr. Gullett.

4. **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Dr. Gullett will be exposed by virtue of this guilty plea is as follows:

(a)    Imprisonment for a period of 4 years;

(b)    A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

(c)    A term of supervised release of 1 year;

(d)    A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013; and

(e)    Restitution as may be ordered by the Court pursuant to 18 U.S.C. §§ 3663 and 3664.

5. **LICENSE REVOCATION.** Dr. Gullett agrees:

(a)    To surrender his Drug Enforcement Administration Certificate of Registration (DEA Form 223);

(b)    Not to oppose revocation of his registration to dispense controlled substances pursuant to 21 U.S.C. § 824(a) and 21 C.F.R. § 1301.45 on the ground that he has been convicted of a felony relating to a controlled substance; and

(c)    Not to apply for re-registration to dispense schedule II controlled substances.

_____
Defendant's
Initials

6.      **WAIVER OF STATUTES OF LIMITATIONS AND PRETRIAL DELAY.**
Dr. Gullett knowingly and voluntarily waives all defenses based on
the applicable statutes of limitations, and pre-indictment delay
under the Federal Rules of Criminal Procedure or the Constitution,
with respect to the charge contained in the Information.

7.      **SPECIAL ASSESSMENT.**   Prior to the entry of a plea
pursuant to this plea agreement, Dr. Gullett will tender a check
or money order to the Clerk of the United States District Court
for $100, which check or money order shall indicate on its face
the name of defendant and the case number.   The sum received by
the Clerk will be applied toward the special assessment imposed by
the Court at sentencing.   Dr. Gullett will obtain a receipt of
payment from the Clerk and will tender a copy of such receipt to
the United States, to be filed with the Court as an attachment to
this plea agreement.   If Dr. Gullett fails to provide proof of
payment of the special assessment prior to or at the plea
proceeding, the United States will have the right to void this
plea agreement.   In the event this plea agreement becomes void
after payment of the special assessment, such sum shall be promptly
returned to Dr. Gullett.

8.      **PAYMENT OF MONETARY PENALTIES.** Dr. Gullett authorizes
the Financial Litigation Program in the United States Attorney's
Office to obtain a credit report from any major credit reporting
agency prior to sentencing in order to assess his financial
condition for sentencing purposes.   Dr. Gullett agrees not to
object to the District Court ordering all monetary penalties
(including the special assessment, fine, court costs, and any
restitution that does not exceed the amount set forth in this plea
agreement) to be due and payable in full immediately and subject
to immediate enforcement by the United States.   So long as the
monetary penalties are ordered to be due and payable in full
immediately, Dr. Gullett further agrees not to object to the
District Court imposing any schedule of payments as merely a
minimum schedule of payments and not the only method, nor a
limitation on the methods, available to the United States to
enforce the judgment.

_____
Defendant's
Initials

Dr. Gullett authorizes the United States, through the Financial Litigation Program, to submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

In addition to any payment ordered by the Court, Dr. Gullett shall pay all monies received from any source other than earned income, including but not limited to, lottery winnings, gambling proceeds, judgments, inheritances, and tax refunds, toward the court ordered restitution or fine.

Dr. Gullett agrees that if he retains counsel or has appointed counsel in response to the United States' efforts to collect any monetary penalty, he shall immediately notify the United States Attorney's Office, Attention: Financial Litigation Program, 300 Virginia Street E., Suite 4000, Charleston, West Virginia 25301, in writing and shall instruct his attorney to notify FLP immediately of his representation.

9. **COOPERATION.** Dr. Gullett will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Dr. Gullett may have counsel present except when appearing before a grand jury. Further, Dr. Gullett agrees to be named as an unindicted co-conspirator and unindicted aider and abettor, as appropriate, in subsequent indictments or informations.

10. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Dr. Gullett, and except as expressly provided for in paragraph 12 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal

_____
Defendant's
Initials

Harry A. Smith, III
September 6, 2022                    Re: Brian Gullett, D.O.
Page 5

prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

11. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Dr. Gullett for any violations of federal or state laws. The United States reserves the right to prosecute Dr. Gullett for perjury or false statement if such a situation should occur pursuant to this agreement.

12. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Dr. Gullett stipulate and agree that the facts comprising the offense of conviction include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit B."

Dr. Gullett agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried for his conduct alleged in the information and the fourth superseding indictment, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Dr. Gullett or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Dr. Gullett knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Dr. Gullett understand and acknowledge that the Court is not bound by the Stipulation of Facts and that

_____
Defendant's
Initials

if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

13. **AGREEMENT ON SENTENCING GUIDELINES.** Based on the foregoing Stipulation of Facts, the United States and Dr. Gullett agree that the following provisions of the United States Sentencing Guidelines apply to this case.

| | |
|---|---|
| USSG §2D2.2 | |
| Base offense level | 8 |
| | |
| USSG §3B1.3 | |
| Abuse of Position of Trust or | |
| Or Use of Special Skill | + 2 |
| | |
| Adjusted offense level | 10 |
| (Before consideration of acceptance | |
| of responsibility) | |

The United States and Dr. Gullett acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

14. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Dr. Gullett knowingly and voluntarily waives the right to seek appellate review of his conviction and of any sentence of imprisonment, fine or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment, fine or term of supervised release is below or within the Sentencing Guideline range corresponding to offense level 10 , regardless of criminal history category. Dr. Gullett also knowingly and voluntarily waives any

_BG_
_____
Defendant's
Initials

right to seek appellate review of any claim or argument that (1) the statute of conviction 21 U.S.C. § 843(a)(3) and 18 U.S.C. § 2 are unconstitutional, and (2) Dr. Gullett conduct set forth in the Stipulation of Facts (Plea Agreement Exhibit B) does not fall within the scope of 21 U.S.C. § 843(a)(3) and 18 U.S.C. § 2.

The United States also waives its right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is within or above the Sentencing Guideline range corresponding to offense level 8 , regardless of criminal history category.

Dr. Gullett also knowingly and voluntarily waives the right to challenge his guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel

15. **WAIVER OF FOIA AND PRIVACY RIGHT.** Dr. Gullett knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

16. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

_BG_
_____
Defendant's
Initials

    (a)    Inform the Probation Office and the Court of all relevant facts and conduct;

    (b)    Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

    (c)    Respond to questions raised by the Court;

    (d)    Correct inaccuracies or inadequacies in the presentence report;

    (e)    Respond to statements made to the Court by or on behalf of Dr. Gullett;

    (f)    Advise the Court concerning the nature and extent of Dr. Gullett's cooperation; and

    (g)    Address the Court regarding the issue of Dr. Gullett's acceptance of responsibility.

17. **VOIDING OF AGREEMENT.** If either the United States or Dr. Gullett violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

18. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Dr. Gullett in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Dr. Gullett in any Court other than the United States District Court for the Southern District of West Virginia.

_____
Defendant's
Initials

Re: Brian Gullett, D.O.

Acknowledged and agreed to on behalf of the United States:

WILLIAM S. THOMPSON
United States Attorney

By:

MONICA D. COLEMAN
Assistant United States Attorney

MDC/fgc

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this 9-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____     9/6/2022
Brian Gullett, D.O.                  Date Signed
Defendant

_____     9/6/22
Harry A. Smith, III                  Date Signed
Counsel for Defendant

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY


UNITED STATES OF AMERICA


v.

CRIMINAL NO. _____

21 U.S.C. § 843(a)(3)
18 U.S.C. § 2

BRIAN GULLETT, D.O.


I N F O R M A T I O N


The United States Attorney Charges:


1.   At all relevant times, defendant BRIAN GULLETT, D.O.,
was a licensed physician who held a West Virginia medical license.
Defendant BRIAN GULLETT, D.O., was authorized to prescribe
controlled substances for a legitimate medical purpose in the usual
course of professional medical practice and within the bounds of
medical practice.

2.   Defendant BRIAN GULLETT, D.O., worked as a physician for
HOPE Clinic in Charleston, Kanawha County, West Virginia, from in
or about December 2012 through May 2014.

3.   On or about March 13, 2013, at or near South Charleston,
Kanawha County, West Virginia, within the Southern District of
West Virginia, a person known to the United States Attorney, aided
and abetted by defendant BRIAN GULLETT, D.O., knowingly and

intentionally acquired and obtained possession of a controlled substance by misrepresentation, fraud, forgery, deception and subterfuge.

In violation of Title 21, United States Code, Section 843(a)(3), and Title 18, United States Code, Section 2.

UNITED STATES OF AMERICA

WILLIAM S. THOMPSON
United States Attorney


By: _____
MONICA D. COLEMAN
Assistant United States Attorney

UNITED STATES OF AMERICA

v.                                              CRIMINAL NO. _____

BRIAN GULLET, D.O.

## STIPULATION OF FACTS

The United States and BRIAN GULLET, D.O. (hereinafter "defendant," "me," "I," or "my"") stipulate and agree that the facts comprising the offense of conviction in the single-count Information in the Southern District of West Virginia, include the following:

From 2012 through 2014, I was a licensed physician in West Virginia. I started working at the HOPE Clinic in Charleston, Kanawha County, West Virginia, in December of 2012. As a physician, I was authorized to write prescriptions for controlled substances, so long as the prescription was for a legitimate medical purpose in the usual course of professional medical practice and within the bounds of medical practice.

On March 13, 2013, I was working at the Hope Clinic in Charleston. I signed prescriptions for a patient ("D.E.B.") for 120 oxycodone 30 mg and 30 oxycodone 15 mg pills. I knew these prescriptions were not for a legitimate medical purpose in the usual course of professional medical practice. D.E.B. had failed his drug screen taken at his February 2013 appointment by testing negative for oxycodone metabolites. This was his third failed drug screen. His March 13, 2013, appointment with me would have been the first opportunity for a physician to discuss and address the failed drug screen from February 2013 with D.E.B. I did not discuss the failed drug screen results with D.E.B., nor did I discuss with him the possibility of addiction and the need for addiction treatment. D.E.B. had at least two other abnormal drug screens – either positive for drugs he was not prescribed or negative for the metabolites of drugs that he was prescribed. D.E.B. further admitted to snorting/injecting substances, a history of drug

abuse, a need for addiction help, past participation in AA/NA, that he had been asked to sell his medication, and that he had been tempted to experiment with his medication. Even with these abnormal drug screens and "red flags" in his chart, D.E.B.'s file indicated he was a "moderate" risk for diversion. The file did not document any discussion between me and D.E.B., or any other medical professional and D.E.B., about his abnormal drug screens or the possibility of addiction. The file did not document any discussion between D.E.B. and me about anything. Without any documentation, I added the 30 oxycodone 15 mg prescription on March 13, 2013. Importantly, the medical records in the chart did not support the initial prescription for pain medicine nor any of the subsequent prescriptions for pain medicine.

On March 13, 2013, D.E.B. filled the prescriptions I wrote for oxycodone at a pharmacy in South Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia. D.E.B. has admitted to being addicted to pain medication, buying pills off of the street, and selling some of his pills from his HOPE Clinic prescriptions.

This Stipulation of Facts does not contain each and every fact known to defendant and to the United States concerning his involvement and the involvement of others in the charges set forth in the Information.

Stipulated and agreed to:

_____     Date  9/5/2022
BRIAN GULLET, D.O.
Defendant

_____     9/5/22
HARRY A. SMITH, III                  Date
Counsel for Defendant

_____     9/8/2022
MONICA D. COLEMAN                    Date
Assistant United States Attorney